UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No.:_____

ORANGE & BLUE CONSTRUCTION,
INC.,

    Plaintiff,

v.

EVANSTON INSURANCE COMPANY,

    Defendants.
_____/

## COMPLAINT

Plaintiff Orange & Blue Construction, Inc. ("O&B") hereby sues Defendant Evanston Insurance Company ("Evanston"), and alleges:

### PARTIES JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to 28. U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, and for damages exceeding $75,000, plus attorney's fees, interest, and costs.

2. O&B is a corporation organized and existing under the laws of Florida with its principal place of business located at 1181 S. Rogers Circle, Suite 9, Boca Raton, Florida 33487.

3. Evanston is a foreign corporation organized and existing under the laws of Illinois, authorized and licensed to transact insurance in Florida, with its principal place of business located at Ten Parkway North, Deerfield, Illinois 60015

and with its registered agent as the Chief Financial Officer located at 200 E. Gaines St., Tallahassee, FL 32399-0000.

4. The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332 because O&B and Evanston are all citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is proper in the Southern District of Florida as the project that is the subject of the dispute between the parties is in Palm Beach County, Florida and all the actions that support O&B's causes of action occurred in Palm Beach County, Florida.

6. O&B performed all conditions precedent to the institution of this action, or the conditions have been excused or otherwise waived.

7. O&B retained the law firm of Smith, Currie & Hancock, LLP to prosecute this action and has agreed to pay it reasonable attorney's fees and costs, which O&B is entitled to recover from Evanston in this action pursuant to Sections 626.9373 and/or 627.428, Florida Statutes.

**GENERAL ALLEGATIONS**

8. Altman-Glenewinkel Construction, LLC ("AGC") served as the general contractor for the construction of a 398-unit apartment building located at 5500 North Military Trail, Boca Raton, Florida and known as Altis at Fairway Commons ("Project").

9. AGC and O&B entered into a subcontract agreement wherein O&B agreed to furnish labor, services, or materials for the construction of the concrete building shell and reinforcing steel for the Project.

10. In turn, O&B subcontracted parts of its scope of work to other subcontractors. Specifically relating to the issues raised herein, O&B entered into a subcontract agreement with R.N. Iron Works, Inc. ("R.N. Iron") wherein R.N. Iron agreed to furnish the rebar placement at the Project (the "R.N. Iron Subcontract"). A true and correct copy of the R.N. Iron Subcontract is attached hereto as Exhibit A and incorporated herein.

11. R.N. Iron was required to purchase and maintain commercial general liability insurance during the entire project and during the warranty period with the minimum limits and coverage specified in the R.N. Iron Subcontract.

12. R.N. Iron was required to obtain insurance coverage to name O&B as an "additional insured," and the coverage shall be primary to any other insurance available to O&B.

13. Evanston issued R.N. Iron—and O&B as an additional insured—the following commercial general liability policies:

    a. Policy Number 3C06274 with a policy period of February 1, 2015 to February 1, 2016;

    b. Policy Number 3C06889 with a policy period of February 1, 2016 to February 1, 2017;

  c. Policy Number 3C07400 with a policy period of February 1, 2017 to February 1, 2018.

(collectively referred to as the "Evanston Insurance Policies"). A true and correct copy of the insurance policies are attached as Exhibits B, C, and D, respectively, and incorporated herein.

14. On or about December 16, 2016, AGC provided O&B with a copy of an engineering report prepared by Wiss, Janney, Elstner Associates, Inc. opining on as-built conditions of various concrete balcony slabs and opining on potential effects of allegedly non-conforming construction and rebar placement ("WJE Report").

15. On February 1, 2017, AGC filed a lawsuit against O&B alleging that O&B, through its agents, servants and employees, failed to properly perform its work on the Project free from defects and/or deficiencies, failed to comply with the requirements of the applicable building codes and the approved construction plans and specifications, and that AGC suffered damages. A true and correct copy of the Complaint is attached hereto as Exhibit E and incorporated herein.

16. AGC thereafter amended its Complaint alleging "damage to other property, including without limitation: (i) damage to the stucco and painting work; (ii) Project unit tiles and floor finishes; and (iii) water intrusion damaging rebar installed on the Project." A true and correct copy of the Amended Complaint is attached hereto as Exhibit F and incorporated herein.

17. AGC thereafter amended its Complaint adding R.N. Iron as a party defendant and alleging that "the individuals and entities hired by O&B to perform

work on the Project failed to correctly do so and were negligent, which contributed to the condition of the [balconies] and the damages and costs resulting from same." A true and correct copy of the Third Amended Complaint is attached hereto as Exhibit G and incorporated herein.

18. AGC alleged that R.N. Iron was "careless and negligent in performing its scope of work by properly and deficiently placing concrete [sic] at the Project's balconies and caused damages to the balconies as well as other property including: (i) damage to the stucco and painting work; (ii) Project unit interior finishes; (iii) appliances; and (iv) water intrusion damages rebar installed on the Project."

19. On or about October 4, 2017, O&B sent a letter to R.N. Iron notifying R.N. Iron of AGC's lawsuit and the WJE Report, and notifying R.N. Iron that the allegations implicate the reinforcing steel placement work performed by R.N. Iron.

20. O&B demanded that R.N. Iron and its insurance carriers defend, indemnify, and hold O&B harmless from the claims, damages, and judgments pursuant to the terms of the R.N. Iron Subcontract and the applicable insurance policies.

21. On November 9, 2017, Evanston acknowledged receipt of O&B's request for additional insured coverage, but has since failed and/or refused to defend, indemnify, or hold O&B harmless from the claims against O&B relating to the alleged property damage caused by R.N. Iron's work.

## COUNT I
## <u>ACTION FOR DECLARATORY RELIEF</u>

22. O&B re-alleges and incorporates the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

23. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

24. Pursuant to the terms of the Evanston Insurance Policies, Evanston is obligated to defend and indemnify O&B against AGC's claims relating to the alleged property damage caused by R.N. Iron's work.

25. As a result of Evanston's failure to defend, indemnify, hold harmless, or reimburse O&B relating to AGC's claims, O&B has suffered and continues to suffer damages including the past and ongoing costs and expenses to defend against AGC's claims, as well as any costs or damages, if any, adjudicated in favor of AGC and against O&B.

26. A present controversy exists between the parties requiring an immediate and definitive adjudication and determination of the legal rights between the parties with respect to Evanston's Insurance Policies.

27. O&B has the right to seek judicial construction of Evanston's Insurance Policies, as well as a determination that Evanston is obligated to defend O&B against AGC's claims, reimburse O&B for all expenses incurred as a result of Evanston's refusal to defend O&B, and indemnify O&B for any claims, damages, and judgments adjudicated in favor of AGC and against O&B caused by R.N. Iron.

WHEREFORE, O&B requests the Court to enter a declaratory judgment: (A) construing Evanston's Insurance Policies; (B) declaring the rights of the parties; (C) determining that Evanston is obligated to defend and indemnify O&B from and against AGC's claims; (D) determining that Evanston is obligated to reimburse O&B for all costs and expenses incurred in defending against AGC's claims; (E) determining that Evanston is obligated to pay O&B all attorney's fees and costs; and (F) granting any such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

28. O&B re-alleges and incorporates the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

29. Evanston issued the Evanston Insurance Policies providing insurance coverage to O&B as an additional insured under the policies.

30. Under the terms of the Evanston Insurance Policies, Evanston is required to defend and indemnify O&B from and against claims, damages, and judgments relating to property damage caused by R.N. Iron's allegedly defective work.

31. Evanston breached its obligations to O&B under the Evanston Insurance Policies by failing to defend or indemnify O&B from AGC's claims relating to property damage caused by R.N. Iron's allegedly defective work.

32. Evanston's material breaches caused O&B to suffer damages including, but not limited to past and ongoing costs to defend against AGC's claims,

as well as any costs or damages, if any, adjudicated in favor of AGC and against O&B.

WHEREFORE, O&B requests a judgment against Evanston for monetary damages, reasonable attorney's fees and costs, plus prejudgment interest, and such other and further relief as the Court deems just and proper.

## Demand for Jury Trial

A Jury Trial is hereby demanded in the instant action on all issues so triable.

DATED on this 23rd day of December, 2019.

**SMITH, CURRIE & HANCOCK LLP**

*/s/ Joseph R. Young*
Brian A. Wolf, Esq.
Florida Bar No. 983683
Primary E-mail: bawolf@smithcurrie.com
Secondary E-mail: lcherubin@smithcurrie.com

Joseph R. Young, Esq.
Florida Bar No. 92168
Primary E-mail: jryoung@smithcurrie.com
Secondary E-mail: lcherubin@smithcurrie.com

101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, Florida 33301
Tel: (954) 761-8700
Fax: (954) 524-6927

***Attorneys for Orange & Blue Construction, Inc.***